IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY LEE WEBB, #137 198, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-CV-194-WHA |
| | ) | [WO] |
| JACOB A. WALKER, III, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this action on March 1, 2012 against the Honorable Jacob Walker, III, and Robert Treese, III, District Attorney for the Circuit Court for Lee County, Alabama. Plaintiff requests that this court issue an order directing Defendants to either respond to his Rule 32 petition, A.R.Crim.P., which is currently pending before Defendants in state court, or schedule an evidentiary hearing on the matter. (*Doc. No. 1*.)

Upon review of the instant complaint the court concludes that it should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

## *A. Request for Mandamus Relief*

To the extent Plaintiff files this action seeking mandamus relief through an order compelling Defendants to take a particular action with regard to his pending state post-conviction petition, this court cannot grant the requested relief. The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.,* 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). *See also Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this federal district court has no mandamus jurisdiction over the Defendant state

employees and, therefore, lacks authority to compel them to perform the action Plaintiff requests.

### B. The § 1983 Claims

To the extent Plaintiff seeks injunctive relief under the provisions of 42 U.S.C. § 1983 for the conduct and/or actions of Judge Walker, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, as noted, a § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley*, 411 F.2d at 587.

Similarly, Plaintiff's claims against Defendant Treese are subject to dismissal. A

prosecutor is protected by absolute immunity from damage claims when performing as an advocate for the government. *See Burns v. Reed,* 500 U.S. 478, 485-86 (1991); *see also Rowe v. City of Ft. Lauderdale,* 279 F.3d 1271, 1279-80 (11th Cir. 2002). Further, when there are adequate remedies at law (such as the ability to appeal and/or seek mandamus relief), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials. *Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000).

Here, Plaintiff's claims against Defendant Treese fail because injunctive relief is unavailable where Plaintiff has the state court remedies of appeal or mandamus relief, if appropriate. Accordingly, Plaintiff's claims against Defendant Treese are due to be dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be  DISMISSED with prejudice and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that **on or before April 18,  2012,** the parties may file any objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2012.

                                           /s/Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE